# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Margaret Graber, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>Rolette Community Care Center, Inc., )<br>)<br>    Defendant. )<br>_____ | Case No. _____<br><br>**COMPLAINT AND<br>JURY DEMAND** |

Plaintiff, Margaret Graber, (hereinafter referred to as "Graber") for her action against Defendant, Rolette Community Care Center, Inc., a North Dakota nonprofit corporation, alleges and states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Graber is a female resident of Rolette County, North Dakota.

2. Defendant, Rolette Community Care Center, Inc. ("RRRC"), is a North Dakota nonprofit corporation with its principal place of business in Rolette County, North Dakota. Defendant is an "employer" engaged in an industry affecting commerce with more than fifteen employees as defined by 42 U.S.C. § 2000e(b).

3. This Court has original jurisdiction in this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5, inasmuch as the matter in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and the Equal Pay Act (EPA), 29 U.S.C. § 206.

4. This District possesses venue of this matter pursuant to 42 U.S.C. § 2000e-5(f). The jurisdiction of this Court is invoked to secure protection and redress

1

deprivation of rights guaranteed by federal law, which rights provide for injunctive relief and other relief for illegal employment discrimination.

5. Plaintiff filed a timely Charge of Discrimination on or about August 20, 2014 alleging violations of Title VII of the Civil Rights Act of 1964, including violations of sex discrimination, retaliation and equal pay, with the Equal Employment Opportunity Commission ("EEOC"). (A true and accurate copy of EEOC Charge of Discrimination # 32F-2014-00126 is attached hereto as Exhibit A.)

6. The Plaintiff has satisfied all statutory prerequisites for filing this action.

7. On or about June 26, 2017, the EEOC sent notice of the Plaintiff's right to file a civil suit in federal district court. (A true and accurate copy of the EEOC "Dismissal and Notice of Rights" letter for EEOC Charge of Discrimination # 32F-2014-00126 is attached hereto as Exhibit B.)

8. The Plaintiff has filed this action under Title VII within ninety (90) days after receipt of her "Notice of Right to Sue" letter from the EEOC.

## FACTS

9. Defendant operates a long term and assisted living facility in Rolette, Rolette County, North Dakota.

10. Plaintiff began her work as a cook at this facility on May 2, 2006.

11. Plaintiff's starting pay was $7.98 per hour.

12. Plaintiff was well qualified for her job, received favorable reviews, and was given numerous raises over the years she was employed with Defendant.

13. By May 2014, she was being paid $11.40 per hour.

14. On January 30, 2014, a male cook was hired. Plaintiff began training in this male cook.

15. The male cook did not have any special skills or training

16. When she came into work on May 31, 2014, Plaintiff found a check stub blowing around the parking lot. She picked up the check stub and discovered that the male cook was being paid $15.00 an hour as a starting wage, almost $4.00 per hour more than she was for the same work.

17. Although Plaintiff's immediate supervisor, Kim Worral, was not at work that day, Ms. Worral did contact Ms. Graber on another matter. During their telephone conversation, Plaintiff raised the issue with Ms. Worral.

18. Ms. Worral was also upset by the male cook being paid more and stated she would do, or wanted to do, something about it.

19. When Plaintiff was at work on Tuesday, June 3, 2014, Ms. Worral did not know what was happening.

20. Also on Tuesday, June 3, 2014, Plaintiff attempted to discuss the wage disparity with the Nursing Supervisor, Carla Rost.

21. Ms. Rost condescendingly told Plaintiff "life sometimes is not fair" and that Plaintiff did not have any reason to complain about wages because Plaintiff had agreed to work for the amount she was receiving.

22. Plaintiff was fired two or three hours later.

23. Defendant alleges that the reason for Plaintiff's discharge was a violation of the company confidentiality policy.

24. Plaintiff is not the only female experiencing this discrimination. Several female employees, including Ms. Worral, experienced a lower pay than males performing the same work.

25. On August 13, 2014, Plaintiff filed a Charge of Discrimination against Defendant for sex discrimination and retaliation.

26. After a letter from the EEOC dated August 26, 2014, Plaintiff filed another Charge of Discrimination against Defendant, for sex discrimination, retaliation, and wage discrepancy.

## COUNT 1
## SEX DISCRIMINATION

27. Plaintiff realleges and incorporates the allegations contained in ¶¶ 1-26, as if fully restated herein.

28. During the course of Plaintiff's employment with Defendant, the Defendant, by and through its agents and employees, intentionally discriminated against the Plaintiff in the terms, conditions, and privileges of employment including, but not limited to, Plaintiff's compensation, in substantial part because of her sex.

29. Plaintiff was paid almost $4.00 less than a male cook doing the exact same work.

30. The male cook had no special skills or training justifying the increased wage. In addition, Plaintiff had seven years more experience than the male cook at the time the wage discrepancy was discovered.

31. Defendant engaged in intentional gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. Seq. and N.D.C.C. Chapter 14-02.4.

32. Defendants' discriminatory conduct, in violation of Title VII and N.D.C.C. Chapter 14-02.4, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

33. Defendants' actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages pursuant to 42 U.S.C. § 1981a.

34. Defendants have engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's protected rights, thereby entitling her to punitive damages pursuant to 42 U.S.C. § 1981a.

35. As a further direct and proximate result of Defendant's violation of Title VII of the Civil Rights Act of 1964 and N.D.C.C. Chapter 14-02.4 as described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.

## COUNT 2
## EQUAL PAY ACT VIOLATION

36. Plaintiff realleges and incorporates the allegations contained in ¶¶ 1-35, as if fully restated herein.

37. Defendant has discriminated against the Plaintiff within the meaning of the Equal Pay Act of 1963 ("EPA") in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 206, et seq., as amended by the EPA, by providing her with lower pay than a similarly situated male colleague on the basis of her gender, female, even though Plaintiff performed similar duties requiring the same skill, effort, and responsibility of male counterparts.

38. Plaintiff and similarly situated male employees all perform similar job duties and functions as cooks. Plaintiff and similarly situated males all performed jobs that required equal skill, effort, and responsibility, and were performing under similar working conditions.

39. Defendant discriminated against Plaintiff by subjecting her to discriminatory pay and other forms of discrimination in compensation in violation of the Equal Pay Act.

40. Plaintiff was paid almost $4.00 less than a male cook doing the exact same work.

41. The differential in pay between male and female employees was not due to seniority, merit, quantity or quality of production, or a factor other than sex, but was due to gender.

42. The male cook had no special skills or training justifying the increased wage. In addition, Plaintiff had seven years more experience than the male cook at the time the wage discrepancy was discovered.

43. The foregoing conduct constitutes a willful violation of the EPA within the meaning of 29 U.S.C. § 255(a). Because Defendants have willfully violated the EPA, a three year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

44. As a result of Defendant's conduct as alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to: lost earnings, lost benefits, and other financial loss, as well as humiliation, embarrassment, emotional and physical distress, and mental anguish.

45. By reason of Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available for violations of the EPA, including liquidated damages for all willful violations, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

46. Attorneys' fees should be awarded under 29 U.S.C. § 216(b).

## COUNT 3
## RETALIATION

47. Plaintiff realleges and incorporates the allegations contained in ¶¶ 1-46, as if fully restated herein.

48. As herein alleged, the Defendant, by and through its officers, managing agents and/or its supervisors, illegally retaliated against Plaintiff by immediately terminating her solely because she had reported the aforementioned sex discrimination.

49. Plaintiff raised the wage discrepancy between herself and a male co-worker in the same position with two of her supervisors.

50. Two or three hours after discussing this with her second supervisor, Plaintiff was fired.

51. Defendant had no legitimate reasons for any such act. The alleged reason is pretextual.

52. This retaliation is in violation of Title VII of the Civil Rights Act of 1964 and N.D.C.C. § 14-02.4-18.

53. As a direct and proximate result of the Defendant's willful, knowing, and intentional discrimination and retaliation against Plaintiff, Plaintiff has suffered and will continue to suffer pain, humiliation and emotional distress. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job

opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

54. As a further direct and proximate result of Defendant's violation of Title VII of the Civil Rights Act of 1964 and N.D.C.C. Chapter 14-02.4, as described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with the Defendant and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.

## COUNT 4
## WRONGFUL DISCHARGE

55. Plaintiff realleges and incorporates the allegations contained in ¶¶ 1-54, as if fully restated herein.

56. As herein alleged, the Defendants, by and through its officers, managing agents and/or its supervisors, wrongfully discharged Plaintiff because she had reported the aforementioned sex discrimination.

57. Plaintiff raised the wage discrepancy between herself and a male co-worker in the same position with two of her supervisors.

58. Plaintiff's report was made in good faith to her employer about a violation of federal law as discussed above.

59. Two or three hours after discussing this with her second supervisor, Plaintiff was fired.

60. Defendant had no legitimate reasons for any such act. The alleged reason is pretextual.

61. This wrongful discharge is in violation of Title VII of the Civil Rights Act of 1964 and N.D.C.C. § 34-01-20.

62. As a direct and proximate result of the Defendant's willful, knowing, and intentional discrimination and retaliation against Plaintiff, Plaintiff has suffered and will continue to suffer pain, humiliation and emotional distress. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

63. As a further direct and proximate result of Defendant's violation of Title VII of the Civil Rights Act of 1964 and N.D.C.C. § 34-01-20 as described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with the Defendant and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.

64. Plaintiff is entitled to her attorney's fees according to N.D.C.C. § 34-01-20(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Margaret Graber, prays for judgment against the Defendant, in an amount which will compensate her for:

1. Violation of her rights under Title VII of the Civil Rights Act of 1964;

2. Full front pay;

3. Full back pay;

4.	Compensatory damages including lost wages, past and future and/or impairment of power to earn money; physical pain, emotional distress and humiliation, past and future; and past and future medical expenses;

5.	Punitive damages to punish the Defendant for its willful, wanton, oppressive, malicious, and/or grossly negligent conduct;

6.	Temporary, preliminary, and permanent injunctive relief prohibiting Defendant from engaging in further discriminatory conduct;

7.	Costs expended herein, including reasonable attorneys' fees pursuant to the Title VII, and/or 42 U.S.C. § 1988;

8.	Pre-judgment and post-judgment interest; and

9.	Any and all other relief to which the Court deems just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS WHERE TRIAL BY JURY IS AVAILABLE.

Dated this _____ day of September, 2017.

**WOLD JOHNSON, P.C.**

/s/ Benjamin E. Thomas
_____
Benjamin E. Thomas (ID #04713)
A Member of the Firm
500 2nd Avenue N #400
PO Box 1680
Fargo, North Dakota 58107-1680
701-235-5515
bthomas@woldlaw.com
Attorneys for Plaintiff